PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. PEDRO. GERARDINO ET AL., Defendants and Appellants.

No. 2752.  Argued January 24, 1927.—Decided July 20, 1927.

*Felipe Colón Díaz, José R. Gelpí* and *J. Tous Soto* for the appellants. *José E. Figueras* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

The defendants appealed from a judgment of conviction for conspiracy consisting in that they agreed, combined and conspired to cheat and defraud The Manufacturers' Life Insurance Company by insuring with that company Carlos Juan Gerardino for $10,000, informing the company that the insured was in good health and was a first-class risk when the said defendants knew that the insured was very sick at the time of the insurance, suffering from pulmonary tuberculosis, and under that pretense induced the insurance company to insure the said Gerardino for the aforesaid sum. The company issued the policy in the name of the insured who died, and the defendants succeeded then, after Carlos Juan Gerardino had died, in obtaining from the company payment of the amount of the policy to Pedro and Carmen Gerardino as beneficiaries, thus defrauding the company of the sum of $9,079, the liquidated amount of the policy.

The appellants assign in their brief several errors of which the following have been considered and determined in cases Nos. 2750 and 2751 adjudged today: 1, objection to the Government's being represented by district attorneys Romaní and Samalea, the former district attorney for the Mayagüez district and the latter a special prosecuting attorney; 2, the overruling by the court of a motion to dismiss the prosecution under subdivision 2 of section 448 of the Code of Criminal Procedure; 3, the overruling of a motion for a bill of particulars, and 4, the overruling of the demurrer. These assignments are based on facts more or less similar to those of the cases mentioned.

Witness Eliseo Font was shown while testifying the following documents: An application for life insurance by the insured; a doctor's certificate on his health; a document concerning substitution of beneficiary, and an insurance

policy. Regarding the application for insurance the witness was asked if the signature it bore was that of Carlos Juan Gerardino and he answered that it was his signature, as that was the application made to the witness and by virtue of which the company had issued the policy. It is true that the witness said that Gerardino had not signed in his presence or corresponded with him, yet there was no error because the appellants introduced in evidence the receipt given by the insurance company for the amount paid by the insured as the premium for the policy issued on that application.

The doctor's certificate bore the signature of Dr. P. J. Salicrup, and although the witness said that he had never seen Dr. Salicrup sign, he added, however, that he knew his signature because he had received ''several letters written by him and his application for the position of the company's doctor,'' and was positive that it was the signature and the handwriting of Dr. Salicrup.

The circumstances affecting the application for insurance apply also to the document regarding the substitution of beneficiary. Tellechea says in letters addressed to the witness and in his testimony that he had succeeded in getting the insured to sign that document. The payment of the premium and the issuance of the provisional policy are facts which had been admitted by Tellechea who said that he had received $468.50 as premium and issued the provisional policy.

There was no error in the admission of these documents. The appellants complain, however, that the provisional policy sent to Tellechea pending the issuance by the company of the final policy was not in the same form as when originally issued and therefore they moved to eliminate it.

In that document, as in others which had been introduced, there had been added by the company a translation into English of the Spanish contents which had not been altered

at all and the translation had not changed the documents essentially, but rather facilitated their understanding. Moreover, the Spanish contents had not been attacked and the ground of the motion to eliminate was entirely frivolous.

The appellants likewise complain that the witness testified about the relationship of the insured to the beneficiaries not from personal knowledge but from hearsay. However, on examination the witness referred to the contents of the document regarding the substitution of the beneficiary. His information came from the contents of that document and the error assigned was not committed.

Of the other assignments of error the only ones worthy of consideration are those referring to the demurrer to the insufficiency of the evidence and to the weight given to it by the trial court. We shall consider both assignments together.

The demurrer about the insufficiency of the evidence is argued rather in connection with defendants Pedro and Carmen Gerardino, the beneficiaries of the insured, for the appellants admit in their brief that as to the other defendants there may be sufficient evidence on which to convict them of the crime charged.

The government's evidence was sufficient *prima facie* to secure the conviction of all of the defendants.

The policy was obtained from the company by deceit and fraud.

Carlos Juan Gerardino had already been diagnosed at the time of the application for the insurance and the issuance of the policy as suffering from pulmonary tuberculosis and was trying to be admitted as a patient into the Antituberculosis Sanatorium in Río Piedras.

On January 30, 1923, Dr. Osvaldo Goyco wrote to Dr. Pedro Malaret, Assistant Commissioner of Health, the following letter:

"My dear friend: A young friend of mine, Carlos Juan Gerardino, is suffering from pulmonary tuberculosis, which diagnosis has

been confirmed by a microscopic analysis of the sputa. His relatives desire to have him admitted into the Río Piedras Sanatorium and knowing how valuable is your influence in this connection I beg your cooperation in order to do that beneficent favor.

Thanking you in advance, your friend and colleague,
(Signed)     Dr. Osvaldo Goyco,
Municipal Commissioner of Health.''

On February 3, 1923, Juan B. Huyke, Acting Governor, wrote to Dr. W. F. Lippitt, Health Commissioner, a letter to the same effect, recommending the admission of Carlos Juan Gerardino into the Insular Sanatorium.

A few days after, or on February 9, 1923, Carlos Juan Gerardino applied for and secured an ordinary life insurance policy for $10,000. The application was acted on by Joaquín Tellechea, an agent of the insurance company. It was stated in the document that the insured was in good health and it was so stated in Dr. Salicrup's certificate and indorsed by the agent Tellechea who confirmed the statement as to the insured's being in good health. However, on February 15, 1923, Carlos Juan Gerardino was admitted into the Insular Antituberculosis Sanatorium and remained there until April 19, 1923, when he left the Sanatorium though still suffering from that disease.

In the report from agent Tellechea to Eliseo Font, general manager in San Juan, the former informed him of the insurance transaction, in the hope that perhaps as a consequence his pay might be increased a few thousand dollars. The beneficiaries under the original policy were the heirs of the insured, but three days after the application for insurance had been made, as stated by Tellechea, the insured spoke to him about substituting the beneficiaries. The agent, likewise, fixed up the matter and the substitution was made in favor of Carmen and Pedro Gerardino, sister and cousin respectively of the insured, on April 23, 1923, $3,500 being assigned to Carmen and $6,500 to Pedro.

Ten days later, or on May 3, 1923, Carlos J. Gerardino

died and beneficiaries Carmen and Pedro Gerardino claimed the insurance money and the agent prepared the documents required to cash the policy.

Notwithstanding the unmistakable condition of the health of Carlos Juan Gerardino, who was suffering from pulmonary tuberculosis, one Dr. Rosado de León stated in a death certificate issued by him that he had died from bronchitis. That false statement was required in order to collect the insurance. It was the *finis coronat opus* of the plot of the defendants in this case. The certificate together with the other documents of the claim was forwarded by Tellechea to the general manager in San Juan for the proper settlement. The manager could see that the certificate was worthless because it stated that bronchitis was a symptom, but not a disease. The certificate was then corrected, stating that the insured had died from influenza.

Without even suspecting the hidden and deceitful acts which served as a basis for the fraudulent and criminal plot of the defendants, the company ordered the payment to be made and the checks were issued, one for $5,901.35 in favor of Pedro Gerardino and another for $3,177.65 in the name of Carmen Gerardino. These checks were forwarded to Tellechea who delivered them to the proper parties, having first secured a receipt for their delivery.

The evidence for the defense attempted to establish that the insured was in good health at the time of the application for the insurance. The court, of course, did not give credence to that evidence and adjusted the conflict against the defendants. The testimony of defendant Joaquín Tellechea rather shows that he carried out the principal part in the plot and betrayed the confidence of the defrauded company whose agent he was.

For the foregoing reasons the judgment appealed from must be affirmed.